SINCLAIR & *a., v.* REDINGTON & *a.*

Where the plaintiffs and other stockholders in an insolvent corporation, supposing themselves to be personally liable for the payment of the corporate indebtedness, join in an agreement with the defendants, who are also stockholders in the same corporation, that the defendants, for the benefit of all the parties to the agreement, shall negotiate for the purchase of the corporation debts, and the defendants effect a purchase of them, paying therefor less than their nominal amount, and subsequently collect them of the corporation, receiving out of the funds of the corporation a sum more than sufficient to pay all their disbursements and expenses, they cannot recover of the plaintiffs any more than the cost of obtaining a discharge of the plaintiffs' personal liability ; and, in equity, all the cost having been paid by the money of the corporation received by the defendants, they have no valid claim against the plaintiffs for indemnity or contribution.

BILL IN EQUITY, for an injunction to restrain the defendants from the prosecution of certain suits at law. The cause is heard upon the bill and answers. The facts are stated in the opinion.

*Bingham & Mitchell* and *Carpenter,* for the plaintiffs.

*Farr & Stevens* and *Rand,* for the defendants.

FOSTER, J. The plaintiffs, and all the defendants except F., were stockholders in the White Mountains Railroad. The corporation was insolvent, and the stockholders feared they were personally liable for its debts. They devised a plan for mutual relief, in pursuance of which they severally executed bonds to F., with a condition reciting that the obligor was to be discharged from all liability on a subscription previously signed by him for the purpose of raising a fund for the purchase of the claims against the corporation (a purpose which had not been accomplished) ; that the creditors of the corporation were to deposit with F. discharges or assignments of their several claims against the corporation and its sureties, to be held in trust by F., for and subject to the order of the creditors, until an amount sufficient to pay such sums as the several creditors should agree to receive in satis-

faction of their claims should be secured or pledged, to the satisfaction of the trustee, who should then hold the claims thus assigned, for the benefit of those contributing to the purchase thereof, for the purpose of compelling those stockholders who would not contribute towards their purchase to pay their proportion thereof; and declaring that when all the claims of the creditors of the corporation, or so much thereof as the nature of the case would admit, should have been thus discharged or assigned, and F. should have notified the several obligors thereof, they should pay to him, or to his order, the penal sum named in the bond.

The plaintiffs ask for an injunction to restrain suits brought against them by F. upon these bonds.

Since a former decision in this case (56 N. H. 146), the defendants have filed an additional answer.

A large portion of the claims against the corporation consisted of promissory notes given by the corporation, on which the defendants, Redington, Rand & Chamberlain, were liable as sureties. These, including substantially all the outstanding indebtedness of the corporation, were purchased by those defendants after the execution of the bonds, at a cost not exceeding $10,000, the purchasers taking assignments of the claims to themselves or to the firm of H. C. Redington & Co.; and they have received, by means of suits in which the plaintiffs were invited but refused to join, about $30,000 out of the funds of the corporation, a sum much more than sufficient to indemnify them for all their expenses in the transaction. They have also received from other sources about $10,000, to be applied towards the payment of the corporate indebtedness.

The plaintiffs contend that the claims against the corporation thus purchased have been paid; that, by the true construction of the condition of their bonds, they were to pay only so much as might be necessary to extinguish the debts of the corporation, and that indebtedness being extinguished by an equitable application of the money received by the defendants, the obligation of the bonds is terminated.

But the defendants say, that, after waiting a long time for relief from other sources (the plaintiffs and other obligors having done nothing by way of assistance in carrying out the scheme upon which the bonds were based), they purchased the claims upon their own responsibility and risk, and for their own benefit, and thus became creditors of the corporation, entitled, as such, to enforce, not only against the corporation, but against all the stockholders except those obligors who shall pay their several bonds according to the tenor thereof, the claims thus purchased.

Upon this state of facts, it has already been determined (56 N. H. 146) that, by the purchase of the claims outstanding against the corporation, those debts, as against the plaintiffs, were discharged; and that the defendant stockholders had no claim against them but for indemnity, which they had already received; that the bonds were not

collectable; that the trustee was *functus officio*, and that he should be enjoined from collecting the bonds.

By their additional answer, subsequent to the former decision in this case, the defendants, admitting that at the time of the execution of the bonds the plaintiffs and defendants were supposed to be personally liable to pay the debts of the corporation, say that such liability, in fact, has never arisen and does not exist. They deny that they purchased the claims against the corporation at the request of the stockholders or of the corporation, but say they purchased them of their own will, with their own money, and for their own benefit; but that after such purchase they offered them to the stockholders and to the corporation for the cost thereof and the expenses attending their collection, which offer was declined. These are the only material facts furnished by the additional answer.

Assuming the fact to be as stated in the supplemental answer, that the stockholders were not personally liable for the payment of the corporation's debts, the non-existence of such liability does not change the relation of the parties to each other. In view of their supposed personal liability, they embarked in a common enterprise, having for its object their mutual relief from apprehended danger. Such apprehension was the motive and consideration for the bonds. The enterprise was undertaken for the benefit of all the parties, and the relation of these defendants towards the plaintiffs in the purchase of the corporate debts must be regarded as the relation of agents towards their principals; and in the discharge of their agency they are equitably entitled to claim no more than full indemnity for their disbursements, wages, and expenses. They cannot be permitted to speculate, for their own benefit, to the disadvantage of the other parties, in the common enterprise set forth in their bonds.

The legal construction of the bonds is, that the obligors (including the plaintiffs and the defendants) are not required to pay F., for the benefit of any of their own number, any more than full compensation for obtaining the discharge of all the stockholders from their supposed personal liability; and since, in contemplation of equity, this compensation has been paid by the money of the corporation received by the defendants, it results that, by the true construction of the terms of the bonds, the contingency in which the plaintiffs were to pay so much of their bonds as should be necessary to pay the cost of procuring a discharge of their personal liability has not happened.

*The injunction must issue.*

STANLEY and BINGHAM, JJ., did not sit.